IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CZARNECKI, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-5558 |
| | : | |
| v. | : | |
| | : | |
| HAWTHORN MANUFACTURING | : | |
| CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 16th day of January, 2009, it is hereby ORDERED as follows:

1. Plaintiff's Motion for Remand (Doc. No. 8) is GRANTED. The above-captioned matter is REMANDED to the Court of Common Pleas of Berks County, Pennsylvania.

2. Plaintiff's Motion to Require Payment of Just Costs, Actual Expenses and Attorney's Fees Incurred as a Result of Improper Removal (Doc. No. 11) is GRANTED IN PART and DENIED IN PART, as set forth in the accompanying memorandum.

3. Plaintiff's Motion to Assess Costs Associated with Preparation of Motion to Require Payment of Just Costs, Actual Expenses and Attorney's Fees as a Result of Improper Removal (Doc. No. 15) is GRANTED IN PART and DENIED IN PART, as set forth in the accompanying memorandum.

4. The court having determined that Defendant Hamburg Holdings Limited Enterprises, LLC ("Hamburg") should reimburse Plaintiffs for actual costs and expenses, including reasonable attorneys fees, incurred as a result of

Hamburg's improper removal of this action, Hamburg shall, within fourteen (14) days of the date of this Order, pay to Plaintiffs the sum of $4,700.

BY THE COURT:

S/ C. Darnell Jones II
                                          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CZARNECKI, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-5558 |
| | : | |
| v. | : | |
| | : | |
| HAWTHORN MANUFACTURING | : | |
| CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Jones, J.                                                                                                           January 16, 2009

Presently before the court are Plaintiff's Motion to Remand his case to state court (Doc. No. 8), Plaintiff's Motion for Fees due to Defendant Hamburg's alleged improper removal (Doc. No. 11), and Plaintiff's Motion for Fees for the Preparation of his Motion for Fees and Reply Brief (Doc. No. 15).

**Procedural History**

On October 24, 2008, Plaintiff John J. Czarnecki filed a Class Action Complaint, on behalf of himself and all others similarly situated, in the Berks County Court of Common Pleas against Defendants Hawthorn Manufacturing Corporation ("Hawthorn"); Hamburg Holdings Limited Enterprises, LLC ("Hamburg"); Patrick James; and Jay L. Schabel. Plaintiff's claim is pursuant to the Pennsylvania Wage Payment and Collection Law ("Pennsylvania WPCL"), 43 P.S. § 260.1 - 260.45, and seeks compensation for accrued vacation benefits that allegedly were due to him and the putative class members when they were laid off from their employment from

Hood and Co., LLC ("Hood") on June 27, 2008.  (Notice of Removal (Doc. No. 1), Ex., Compl.)  Hamburg was served on November 6, 2008.  (Notice of Removal ¶ 3.)  On November 26, 2008, Hamburg removed the action to this court pursuant to 28 U.S.C. § 1441, claiming that this court had subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332.  Hamburg asserted that there was complete diversity of citizenship between Plaintiff and all Defendants and that the amount in controversy for the purported class would exceed $75,000.00.  (Id. ¶¶ 2-3, 11-12.)  As a basis for asserting jurisdiction, Hamburg referred to Plaintiff's Complaint, wherein Plaintiff avers that "the class is so numerous, numbering in excess of 80 employees" and "almost all, if not all [claims] amount[] to less than $5,000."  (Id. ¶ 11 (quoting Compl. ¶¶ 16, 20(a)).)  Hamburg stated that,  "[b]ased on information and belief, . . . Hamburg represents that these claimed damages will exceed seventy-five thousand dollars ($75,000)."  (Id. ¶ 11.)

On December 11, 2008, Plaintiff filed a Motion for Remand of his Action to the Court of Common Pleas of Berks County (Doc. No. 8), arguing a lack of subject matter jurisdiction.  In his Motion to Remand, Plaintiff addressed the amount in controversy requirement for federal jurisdiction, stating, "Neither Plaintiff nor any of the other members of the class meet the jurisdictional minimum amount in controversy."  (Pl.'s Mot. to Remand ¶ 16.)  On December 18, 2008, Hamburg filed a Notice of Consent to Plaintiff's Motion for Remand (Doc. No. 9).  Hamburg did not include the reasons for its consent in its Notice.

On December 24, 2008, Plaintiff filed a Motion to Require Payment of Just Costs, Actual Expenses and Attorney's Fees Incurred as a Result of Improper Removal (hereinafter "Pl.'s 1st Mot. for Costs") (Doc. No. 11).  Hamburg filed a Response in Opposition thereto (Doc. No. 14) on January 5, 2009.  Without seeking leave of this court, Plaintiff filed a "Reply Memorandum of

Law in Support of Plaintiff's Motion to Require Payment of Just Costs, Actual Expenses and Attorney's Fees as a Result of Improper Removal" (hereinafter "Pl.'s Reply") and, in the same document, a "Motion to Assess Costs Associated with Preparation of Motion to Require Payment of Just Costs, Actual Expenses and Attorney's Fees as a Result of Improper Removal and Plaintiff's Reply Memorandum" (Doc. No. 15) on January 14, 2009. See Chambers Policies and Procedures, Jones, J., rev. Jan 12, 2009, at 4.

### I.     Remand is Granted

A civil action may be properly removed from state court to the federal district court if the district court has jurisdiction.  28 U.S.C. § 1441(a).  Federal district courts have jurisdiction over cases where there exists complete diversity between citizens of different states and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  If the district court lacks subject matter jurisdiction, it must remand the case.  28 U.S.C. § 1447(c).

Plaintiff has filed a Motion to Remand this case to state court pursuant to 28 U.S.C. § 1447 based on a lack of subject matter jurisdiction.  Defendants do not oppose Plaintiff's Motion to Remand.  Therefore, Plaintiffs' Motion to Remand is granted.  Additionally, the court finds that it lacks jurisdiction over Plaintiff's case, so the matter must be remanded.

### II.    Hamburg's Removal of this Matter was Improper.

District courts may award "just costs and any actual expenses, including attorney's fees" incurred as a result of a defective removal to federal court.  28 U.S.C. § 1447(c).  "Absent

unusual circumstances, courts may award attorney's fees under 1447© only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, where an objectively reasonable basis exists, fees should be denied" Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Hamburg removed this action pursuant to 28 U.S.C. § 1441, claiming diversity jurisdiction under 28 U.S.C. § 1332.[1] The parties agree that complete diversity of citizenship existed when Hamburg filed its Notice of Removal. They dispute whether Hamburg had an objectively reasonable belief that the amount in controversy requirement had been satisfied. The court finds that Hamburg lacked an objectively reasonable basis for removing the matter to federal court. Prior to the enactment of 28 U.S.C. § 1367, the supplemental statute, every plaintiff in a federal case whose jurisdiction relied on 28 U.S.C. § 1332 had to separately satisfy the amount-in-controversy requirement. Zahn v. Int'l Paper Co., 414 U.S. 291, 294 (1973) ("multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional-amount requirement for suit in the federal courts"); Exxon Mobil Corp. v. Allapatta Servs., Inc., 545 U.S. 546, 554 (2005) (discussing how, before the enactment of § 1367, courts could not exercise supplemental jurisdiction over claims involving additional parties over whom the district courts would lack original jurisdiction were each of the parties standing alone). When Congress enacted 28 U.S.C. § 1367 in 1990, the jurisdictional reach of district courts expanded. See Exxon Mobil Corp., 545 U.S at 557-59. As the Supreme Court has explained, 28 U.S.C. § 1367

---

[1] Defendant did not remove this action by invoking the Class Action Fairness Act of 2005 ("CAFA"), which requires class actions removed on the basis of diversity jurisdiction to involve a minimum of 100 persons and an amount in controversy of greater than $5 million. 28 U.S.C. § 1332(d).

permits district courts to exercise supplemental jurisdiction over additional plaintiffs in a class action who fail to satisfy the minimum amount in controversy requirement for diversity jurisdiction, as long as the other elements of diversity jurisdiction are present and at least one plaintiff satisfies the amount in controversy requirement.  In Exxon Mobil Corp., the Court wrote,

> The single question before us . . . is whether a diversity case in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, presents a 'civil action of which the district courts have original jurisdiction.'  If the answer is yes, § 1367(a) confers supplemental jurisdiction over all claims, including those that do not independently satisfy the amount-in-controversy requirement, if the claims are part of the same Article III case or controversy. . . . We now conclude the answer must be yes.  When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim.  The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment.  If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint.  Once the court determines it has original jurisdiction over the civil action, it can turn to the question whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the other claims in the action.

545 U.S. at 558-59.

The claims of a putative plaintiff class cannot be aggregated for purposes of determining the amount in controversy upon removal.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 218, 223 (3d Cir.1999) (class action plaintiffs may not aggregate claims of class members to reach jurisdictional threshold), abrogated on other grounds by Exxon Mobil Corp. v. Allapatta

Servs., Inc., 545 U.S. 546 (2005).  Furthermore, in a 28 U.S.C. § 1332 diversity action, a named plaintiff must satisfy the amount in controversy requirement.  Exxon Mobil Corp., 545 U.S. at 549 ("where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction").

In this case, although Hamburg did not invoke 28 U.S.C. § 1367 in its Notice of Removal, this court would have statutory authority to exercise supplemental jurisdiction over all members of the purported class of plaintiffs so long as the claims of the sole named plaintiff, Mr. Czarnecki, met the $75,000 amount-in-controversy requirement.  However, it is clear that Plaintiff's claims do not meet the requirement.  Plaintiff seeks "at least $3,278.40" in actual damages on his wage and hour claim.  (Compl. ¶ 25.)  He also seeks liquidated damages pursuant to the Pennsylvania WPCL, which he claims would entitle him to liquidated damages in an amount equal to 25% of the total amount of wages due, or $500.00, whichever is greater. (Compl. ¶ 29.)[2]  Therefore, Plaintiff estimated his damages to be approximately $4,098.[3]

---

[2] 43 P.S. § 260.10 provides as follows:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employee shall be entitled to claim, in addition, as liquidated

This estimate could not cause Hamburg to reasonably conclude that Plaintiff's claim would exceed $75,000, exclusive of interest and costs, as per 28 U.S.C. § 1332. The court finds that nothing else in Plaintiff's Complaint reasonably could have led to such a conclusion.

Hamburg asserts that it reasonably believed that Plaintiff <u>or another member of the putative class</u> claimed damages in excess of $75,000. (Def.'s Opp'n to Pl.'s 1st Mot. for Costs at 1.) Clear Supreme Court precedent instructs Hamburg that a <u>named</u> plaintiff must meet the amount-in-controversy requirement. See <u>Exxon Mobil Corp.</u>, 545 U.S. at 549. However, even if Hamburg mistakenly believed the damages of a non-named putative class member could satisfy the amount-in-controversy requirement, and if such mistaken belief was a legally permitted excuse, the court finds Hamburg still had no reasonable basis to conclude that such an individual's claims for damages would exceed $75,000, exclusive of interest and costs. The only count of the Complaint is for unpaid vacation time. (<u>See</u> Compl.) Plaintiff stated in his Complaint that his claims were typical of the claims of the putative class members, (Compl. ¶ 18), and Plaintiff's own claims for damages fall far below the jurisdictional amount. Plaintiff stated that "almost all, if not all [class members' claims] amount[] to less than $5,000." (Compl. ¶ 20(a).) Furthermore, the Personnel Policy that Plaintiff attached to his Complaint and on which Plaintiff's wage and hour claim relies states that the employees with the most seniority at Hood were eligible for four (4) weeks of vacation benefits per year, and that vacations "may not be accumulated beyond the year in which they are earned." (Compl., Ex. A, Personnel Policy, Hood

---

        damages an amount equal to twenty-five percent (25%) of the total
        amount of wages due, or five hundred dollars ($500), whichever is
        greater.

[3] Actual damages of $3,278.40 + maximum liquidated damages of 25% of $3,278.40 ($819.60) = $4,098.

& Co., LLC., June 1, 2007 at II, VI.)[4]  The court finds that it would be unreasonable for Hamburg to conclude that a putative class member's four weeks of vacation benefits, plus liquidated damages, would exceed $75,000.

### III.    Fees for Improper Removal.

The court has found that Hamburg lacked an objectively reasonable basis to remove this action.  Hamburg argues that Plaintiff need not have had filed his Motion to Remand if Plaintiff's counsel would have contacted Hamburg's counsel to inform him that none of the members of the putative class claimed damages in excess of the jurisdictional amount.  (Def.'s Op'n to Pl.'s Mot for Fees at 2-3.)  The court is not persuaded by that argument. Hamburg had no reasonable basis for removing the action, thus fees incurred due to Plaintiff's attempts to remand his case, without cost to himself, are permissible pursuant to 28 U.S.C. § 1447(c).

The court turns now to the fees Plaintiff seeks.  The court places those fees into three categories:

1.    attorney's fees for Plaintiff's Motion for Remand (Doc. No. 8), totaling $4,025;[5]

2.    attorney's fees for Plaintiff's First Motion for Costs (Doc. No. 11), totaling $750;[6] and

3.    attorney's fees for Plaintiff's Reply in further support of his First Motion for Costs

---

[4] The vacation year starts on July 1st and ends June 30th.  (Personnel Policy ¶ I(2).) Plaintiffs were laid off from Hood on June 27, 2008.  (Compl. ¶ 1.)

[5] Plaintiff seeks $3,950 in attorney's fees for the preparation of his Motion to Remand, (Pl.'s 1st Mot. for Costs at 5), plus $75 in attorney's fees for review of Hamburg's Answer to Plaintiff's Motion to Remand, (Pl.'s Reply at 5 (2d Mot. for Costs)).

[6] $500 for legal work on December 19, 2008, plus $250 for legal work on December 24, 2008.  (Pl.'s Reply at 5 (2d Mot for Costs).)

(Doc. No. 15), totaling $625.[7]

The court grants, in part, Plaintiff's two Motions for fees and orders Hamburg to pay the sum of $4,700 to Plaintiff for the fees Plaintiff incurred for work on the Motion to Remand and the First Motion for Costs (categories 1 and 2).[8]

The court does not award Plaintiff any fees for work on his Reply (category 3). Plaintiff did not seek leave of the court before filing his Reply. Thus, Plaintiff filed his Reply in contravention of this court's policies and procedures. See Chambers Policies and Procedures, Jones, J., rev. Jan 12, 2009, at 4.[9] Furthermore, the portion of the Reply that further supports Plaintiff's First Motion for Costs is cumulative and unnecessary.

Included in his Plaintiff's Reply was Plaintiff's Second Motion for Costs, in which Plaintiff seeks to amend his First Motion for Costs by including the fees incurred for the preparation of the First Motion for Costs and for the preparation of his Reply. (See Pl.'s 2d Mot

---

[7] Plaintiff seeks Legal work performed on January 7, January 9, and January 11, 2009. (Pl.'s Reply at 5 (2d Mot. for Costs).)

[8] The court finds that all but $75 of the fees in categories 1 and 2 are just and reasonable. The court does not award the $75 in fees incurred on January 5, 2009, for the review of "Hamburg's Answer to Plaintiff's Motion to Remand." Hamburg's "Answer" was a one-sentence notice of consent to Plaintiff's Motion to Remand. (See Def.'s Consent (Doc. No. 9.).)

[9] This court's policies include the following instruction about reply and surreply briefs:

> Upon motion, Judge Jones may permit parties to file reply and surreply briefs. . . . A motion for leave to file such must be accompanied by a memorandum indicating why the party wishes to supply the court with **additional** information. Judge Jones will not accept repetitive pleadings. Any motion for leave to file a reply brief must be filed within five (5) business days of service of the brief in opposition.

Id. (emphasis in original). This policy has been posted on the court website since December 6, 2008.

for Costs at 5 ("Plaintiff did not include in the Motion to Assess costs the related costs of filing the Motion to Assess Costs.").)  The court will not, in this instance, penalize Plaintiff for failing to include a complete list of his costs in his First Motion for Costs.  Therefore, Plaintiff's Reply, and the included Second Motion for Costs, are not stricken from the record, and the court has considered the Second Motion for Costs.

      An appropriate Order follows.